# U. S. DISTRICT BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

FILED

2010 JAN 28  A 11: 28

| | | |
|---|---|---|
| IN RE ; | § | CASE NUMBER: 09-54754-LMC |
| | § | |
| RHETT WEBSTER PEASE | § | CLERK |
| Debtor | § | BY _____ S.Q. |
| | § | DEPUTY |
| RHETT WEBSTER PEASE | § | DOCKET NUMBER: |
| | § | |
| V. | § | |
| | § | _____ |
| FIRST NATIONAL BANK OF GIDDINGS, | § | **10-5011 C** |
| WRIGHT & GREENHILL, P.C. | § | |

CLERK ... CY COURT

## COMPLAINT FOR DENIAL OF RIGHT TO DEFEND AND RIGHT TO PARTICIPATE IN COMMERCE AGAINST FIRST NATIONAL BANK OF GIDDINGS AND WRIGHT & GREENHILL, P.C.

COMES NOW Rhett Webster Pease, Debtor/Plaintiff in the above styled and numbered cause of action complaining of the actions of First National Bank and Wright & Greenhill, P.C. and in support of said complaint would show the following:

1. Wright & Greenhill, P.C., without evidence or notice, branded the Debtor a vexatious litigant on or about January 5, 2004, for requesting the return of his property and a writ of possession on said property. Although the Judge alleges in his order that four previous writs had issued, none ever has and the property was wasted. It is assumed that the client of Wright & Greenhill parted it out. Said ruling has denied the Owner the right to participate in interstate commerce and has in fact denied the Plaintiff the right to exercise property rights or the right to contract and enforce said contracts. Said order along with numerous examples of the use of said order are evidenced in the attached exhibits. Plaintiff requested permission to report a breach of the peace that

resulted in thousands of dollars in damage and the Judge refused to respond, forcing the filing of this bankruptcy.

2. First National Bank hired Wright & Greenhill to defend against a title suit brought by the Plaintiff's brother Crae Robert Pease. Because the attorney had not properly conducted the foreclosure, no valid foreclosure ever took place. The legal strategy by the firm of Wright & Greenhill, P.C., was to convert the Plaintiff in place of the actual debtor to the loan and discredit him because he had been labeled a "vexatious litigant". In pursuit of this frivolous legal strategy, only the Plaintiff was cited in the forcible detainer in the Texas District Court. All of this is admitted to by First National Bank and Wright & Greenhill in their response to admissions which is attached to this complaint as Plaintiff's Exhibit "A". At the hearing on the forcible detainer, the District Court Judge was informed that she was without jurisdiction and the response by Wright & Greenhill was that the Plaintiff was a vexatious litigant had no voice in the Court and could not question subject matter jurisdiction. Plaintiff would point out that the District Court Judge, upon being given notice, was the person responsible for questioning jurisdiction. Had the Judge done her job, instead of conspiring with the Defendant to extract some revenge and hate crime against Plaintiff, all the useless litigation that followed would have been avoided.

3. Since July of 2006 the Defendants have held the vessel RHETT WEBSTER PEASE liable as a Tenant at Sufferance in place of the actual Tenant. This was done to get the "Plaintiff out of the house" as stated by Rogstadt. The Plaintiff has no debt with either of the parties, therefore the Defendants have no standing to sue the Plaintiff. The Defendant parties have boarded the Plaintiffs vessel without invitation or justification

and continue to remain aboard after having received notice to depart. Defendants admit that the Plaintiff is responsible for no debt to them, yet continue to claim standing to ask this Court to lift the stay. The Defendants have no secured debt with the Debtor, and yet they have filed no unsecured claim with the Bankruptcy Court.

4. Because Plaintiff continued to claim that he was not liable as a Tenant at Sufferance, he was indicted by the District Judge and the Texas Rangers for simulating legal process by bringing the matter to the attention of the Lee County Commissioner's Court, in desperation. Although the District Court dismissed the indictment, Plaintiff is still held to permanent bond because no complaint was filed. The Burleson County Attorney has not prosecuted and Plaintiff is held in legal limbo.

5. The underlying security instrument made the basis of the claim by FNBG is that Bill Landiss the President of the Bank is the Trustee. As such the Trustee holds the beneficial interest in the Trust; and is Trustee as well as the beneficiary. The Deed of Trust does not pass the "arm's length" test and is null and void on it's face.

6. The Bank through it's wonderful legal eagles, whom profited handsomely from the multiple litigations, filed a Substitute Trustee's Deed with an improper acknowledgment, which does not convey anything in the State of Texas. Said document is a cloud on title (colorable title) and evidences the fact that FNBG can never acquire good title based on the mistakes of their legal counsel. In order to pass convey title the document must appear on it's face to have been executed in front of the proper authority. The Deed by the Bank "memorializes" that it was not executed in front of the authority on the day that the authority executed the document.

7. The Bank's expert legal counsel then sued the wrong party in the wrong court

and did not allege any wrongdoing. See attached document labeled counter-complaint for forcible detainer which is attached as Plaintiff Exhibit "D". The bank alleges that the Plaintiff's brother bought the property at foreclosure and that the Bank refused to vacate the property and therefore the Plaintiff and his brother are guilty of forcible detainer. The expert legal counsel did not find it necessary to issue citation to Crae Robert Pease.

8. The Defendants were given numerous notices to cease and desist and continued to claim that they had some valid judgment against Plaintiff and that he was a Tenant at Sufferance. On July 24, 2009 after more than three years, the Defendants executed the judgment by executing a writ of possession based upon the counter complaint, without hearing. At the execution, the Defendants and the Sheriff breached the peace by breaking into the property with a crowbar and doing hundreds of dollars of damage to the property, but also claiming right to the personal property of the Plaintiff, which they promptly destroyed. They kept what they wanted and threw the rest onto the property of another neighbor, where it sits to this day. They refuse to clean up their public safety hazard.

9. Defendants waived their right to title, when they sued a vexatious litigant without a contract in a possession suit in State District Court. Defendants have a possession suit in District Court and a Title suit in the Justice Court. Neither of the Courts have jurisdiction over the respective orders. Once the District Judge ruled on a forcible detainer the District Court divested itself from the jurisdiction of title as a matter of law.

10. It is the policy and practice of Wright & Greenhill to promote numerous, numerous suits that are groundless, brought in bad faith and are meant only to harass.

Rather than just claim title in District Court against the person who took the money and defaulted, the Defendants in their irrational exuberance to do damage to the Plaintiff, lost sight of right and wrong and have no justification for their actions. First National Bank should not have allowed the attorneys to sue the Plaintiff. They should have sued the proper party, but chose not to and forever waived the right.

## ATTACHMENTS PLAINTIFF'S A-K AS FACTS

PA. Defendants admissions that they hold no contract with RHETT WEBSTER PEASE and that no debt is owed to them. Defendants also admit that RHETT WEBSTER PEASE has signed no agreement with them that would subject him to be adjudged a Tenant at Sufferance. The Defendants have had Debtor adjudged a Tenant at Sufferance in a court with no subject matter jurisdiction. The Defendants admit that their claim was for forcible detainer. Defendants admit that the Bank, not the Trustee posted the property for foreclosure and filed affidavits into public record to record the mistake. Defendants admit that Sheriff acts on their orders without court order.

PB. Defendants use of the vexatious litigant statute to preclude Debtor from notice and hearing in violation of due process.

PC. Debtor being labeled felon for stating that District Court has no jurisdiction over a forcible detainer and that "exclusive" jurisdiction lies with the Justice of the Peace.

PD. Defendants "paperwork". Counter-complaint for forcible detainer.

PE. Notice of perfection of appeal by Debtor of forcible detainer. Debtor was then entitled to trial "de novo". Defendants have deprived Debtor of said new trial by filing in the wrong court.

PF. Performance contract offered to Defendants and recorded in the record of the Court. Document is dated March 12, 2007.

PG. Notice of public statement and security interest in title of Defendants by Debtor as victim of "judicial terrorism" filed into public record on July 25, 2007, alleging damages.

PH. Invoice to Bill Landiss.

PI. Another of the Defendants uses of the vexatious litigant to preclude Debtor from an appeal which he won at trial and the Defendants mistakenly claim that the County court had appellate jurisdiction to set aside the orders of the Justice of the Peace.

PJ. Request by Defendants to have Judge with no jurisdiction, enjoin Judge with "exclusive" jurisdiction, which was properly refused.

PK. Correspondence and legal memorandum on jurisdiction and the legal theory that the Defendants waived their right to title first by filing a Deed that could not transfer title and filing said Deed during a title suit. A forcible detainer can only settle possession and by filing in the title suit, Defendant waived title as to RHETT WEBSTER PEASE and CRAE ROBERT PEASE by operation of law by res judicata and collateral and claim preclusion.

CONCLUSION

Debtor is not a debtor to the Defendants, but a Creditor. Defendants have held the vessel liable for another vessel's debt and has caused extensive damage for the trespass. Defendants have breached the peace and continue to breach the peace in an effort to enforce a void order that was previously executed. Defendants have performed

on the contract offered by the Plaintiff. Plaintiff has sent notice of the debt to the proper party. The party has not objected to the debt and thereby the law merchant, is now liable to the Plaintiff for the amount owed and interest.

WHEREFORE PREMISES CONSIDERED Plaintiff Rhett Webster Pease, as surety in fact for the vessel RHETT WEBSTER PEASE, request this Court to issue citation and let the Defendants come forward and answer to this complaint. Further, after notice and opportunity to be heard, Plaintiff moves this Court to issue judgment against the Plaintiffs for the liquidated damages and enjoin them from any further claim that RHETT WEBSTER PEASE is a Tenant at Sufferance; and all other relief that this Court sees fit.

Respectfully submitted,

Rhett Webster Pease
1032 PR 7039
Lexington, Texas 78947
(512) 253-0218

# PLAINTIFF'S

# EXHIBIT

## "A"

Defendants admissions that they hold no contract with RHETT WEBSTER PEASE and that no debt is owed to them. Defendants also admit that RHETT WEBSTER PEASE has signed no agreement with them that would subject him to be adjudged a Tenant at Sufferance. The Defendants have had Debtor adjudged a Tenant at Sufferance in a court with no subject matter jurisdiction. The Defendants admit that their claim was for forcible detainer. Defendants admit that the Bank, not the Trustee posted the property for foreclosure and filed affidavits into public record to record the mistake. Defendants admit that Sheriff acts on their orders without court order.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CRAE ROBERT PEASE                          §
                                           §
VS.                                        §
                                           §
FIRST NATIONAL BANK, GIDDINGS,             §        CASE NO. A:07-C- 631-LY
BILLY MORGAN, T. MARK ROGSTAD              §
RIVA TOWSLEE-CORBETT, RODNEY               §
MEYER                                      §

## DEFENDANTS' RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

TO:    Plaintiff Crae Robert Pease, pro se, P.O. Box 255, Lexington, Texas 78947.

First National Bank, Giddings, Texas, Billy Morgan, and T. Mark Rogstad, herein, submit the following Responses to Plaintiff Crae Robert Pease's Request for Admissions:

1.    Admit or deny that FIRST NATIONAL BANK OF GIDDINGS was sued in a title dispute in the District Court of Lee County, Texas.

Response:

Admit.


2.    Admit or deny that FIRST NATIONAL BANK by and through their agent, BILLY MORGAN, posted the property at 1032 PR 7039 for non-judicial foreclosure.

Response:

Admit.


3.    Admit or deny that FIRST NATIONAL BANK, in State District Court, filed a counter-claim for a forcible detainer in the title dispute.

Response:

Admit.

4.      Admit or deny that FIRST NATIONAL BANK did not pray for title in the State court.

Response:

Deny.

5.      Admit or deny that FIRST NATIONAL BANK used the District Court under color of law to enforce the forcible detainer.

Response:

Deny.

6.      Admit or deny that BILLY MORGAN told the Lee County Sheriff's Office to enforce a writ of possession without Court order.

Response:

Admit.

7.      Admit or deny that the Note foreclosed upon had been previously discharged.

Response:

Deny.

8.      Admit or deny that Rhett Webster Pease did not have any contract with First National Bank, Giddings.

Response:

Admit.

9.      Admit or deny that Rhett Webster Pease was cited and sued by First National Bank, Giddings for a forcible detainer.

Response:

Admit.

10.      Admit or deny that on or about May 2, 2007, FNB through their agent filed a relief from automatic stay in United States Bankruptcy Court case No. 07-10449-FRM.

Response:

Admit.

11.      Admit or deny that exhibit P-1, from Request 10, denotes "that one certain promissory note dated October 2, 2002, in the original principal sum of $111,236.36.

Response:

Defendants cannot admit or deny this Request.

12.      Admit or deny that on April 7, 2006, T. Mark Rogstad sent a notice of default to collect a debt to Crae Robert Pease.

Response:

Admit.

13.      Admit or deny that the notice referred to in Request 12 stated that the note in default was dated August 29, 2003, in the original principal sum of $110,204.77.

Response:

Admit.

14.      Admit or deny that the Deed of Trust dated October 2, 2002 has a final maturity date of July 2, 2003 on it's face page.

Response:

Admit.

15.     Admit or deny that no Deeds of Trust are on file in Lee County, Texas concerning Rhett Webster Pease.

<u>Response</u>:

Admit as to First National Bank of Giddings, Texas.

16.     Admit or deny that no other Deeds of Trust are on file in Lee County, Texas concerning Crae Robert Pease.

<u>Response</u>:

Defendants object to this Request on the grounds that it is vague. Defendants can neither admit nor deny this Request.

17.     Admit or deny that no Deed of Trust was filed on either May 4th or $5^{th,}$ 2006, concerning the property described as TRACT FOURTEEN (14), Section II, Fedor Estates, an addition in Lee County, Texas according to the plat recorded in Slide 73A, Plat Records of Lee County.

<u>Response</u>:

Admit.

18.     Admit or deny that exhibit P-1 as described in Requests 10 and 11 was sworn to on May 4th, 2006 and executed on May 5th, 2006 by T. Mark Rogstad.

<u>Response</u>:

Deny.

19.     Admit or deny that First National Bank is the holder in due course, owner and in possession of the original note in the amount $110,204.77.

<u>Response</u>:

Admit.

20.    Admit or deny that First National Bank is the holder in due course, owner and in possession of the original note in the amount of $111,236.36.

Response:

Admit.

Respectfully submitted,

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas  78701
512/476-4600
512/476-5382 (Fax)

By: _____
    Archie Carl Pierce
    State Bar No. 15991500

ATTORNEYS FOR DEFENDANTS

# PLAINTIFF'S

# EXHIBIT

## "B"

Use of vexatious litigant by Defendants in order to enforce tenant at sufferance on Plaintiff.

NO. 790

| | | |
|---|---|---|
| RHETT PEASE | § | IN THE JUSTICE COURT |
| DESSIE ANDREWS | | |
| **Plaintiff** | | |
| | § | |
| vs. | § | PRECINCT 3 |
| | § | |
| BILLY MORGAN | § | LEE COUNTY, TEXAS |
| **Defendant** | | |

## NOTICE

On the 26th day of August, the undersigned Defendant was served with Plaintiff's

Complaint for Forcible Detainer; and commanded to appear in the above named court at the time

noted therein; However, Section 11.103 of the Civil Practice and Remedies Code provides that a

clerk of a court may not file a litigation presented by a vexatious litigant subject to a prefiling

order under Section 11.101 of said Code unless the litigant obtains an order from the local

administrative judge permitting the filing.

The above named Plaintiff, Rhett Pease, is a vexatious litigant subject to a prefiling order

under Section 11.101, see Exhibit "A" attached hereto.

In accordance with Section 11.103 of said Code, the undersigned party to the litigation

referenced above files this Notice and asks that the litigation be stayed all as provided in said

Section 11.103.

Signed this _30_ day of August, 2009.

_____
Billy Morgan, Defendant

SWORN TO AND SUBSCRIBED BEFORE ME on this the _31_ day of August, 2009.

_____
Notary Public, State of Texas

JANET MEUTH
Notary Public, State of Texas
My Commission Expires
Jul. 5, 2011

# PLAINTIFF'S

# EXHIBIT

# "C"

Indictment of Plaintiff for Simulating Legal Process a Class "A" misdemeanor.

Grand Jury has no subject matter jurisdiction over anything other than felonies.

DEFENDANT'S
COPY

CAPIAS - INSTANTER

# THE STATE OF TEXAS

### *To any Peace Officer of the State of Texas, Greeting:*

YOU ARE HEREBY COMMANDED to arrest[1] **RHETT WEBSTER PEASE** and bring **HIM** forthwith before the Honorable 21st District Court of Burleson County, Texas, at the Courthouse of said County, in Caldwell, Texas then and there to answer the **STATE OF TEXAS** upon an[2] indictment **13,663** pending in said Court, charging **HIM** with the offense of[3] **SIMULATING LEGAL PROCESS** in violation of the Penal Laws of said State.

HEREIN FAIL NOT, and make due return hereof to this Court on or before the[4] instanter.

WITNESS my hand and seal of office, at Caldwell, Texas, this **19th** day of **June A.D. 2008.**

Joy Brymer, Clerk
21st / 335th District Court, Burleson County
By *Roxanna Mayo* Deputy

1 If the name of the defendant is unknown, describe him as he is described in the indictment.
2 Information or indictment.
3 In stating the offense, be careful to follow the information or indictment and state it fully and accurately.
4 Some time should be specified in the capias for its return.

---

### SHERIFF'S RETURN

Came to hand the ___23rd___ day of ___June___ A.D. ___2008___, at ___945___ o'clock ___A___ M., and executed on the ___1___ day of ___July___ A.D. ___2008___, at ___1135___ o'clock ___A___ M., by arresting the within named ___Rhett Pease___ at ___51421___ in ___Burleson___ County, Texas, and *taking his bond, *placing him in jail at ___Burleson County Jail___.

I actually and necessarily traveled _____ miles in the service of this Writ, in addition to any other mileage I may have traveled in the service of other process in this cause during the same trip.

<u>FEES</u>
Making Arrest ----------------------- $_____
Mileage ----------------------------- $_____
Taking Bond ------------------------- $_____
Commitment ------------------------- $_____

TOTAL ------------------------------ $_____

*A Dale Stroud* Sheriff,
*Burleson* County, Texas
By _____ Deputy

*Erase according to the facts.

# PLAINTIFF'S

# EXHIBIT

## "D"

Defendants "Paperwork". Counter-complaint for forcible detainer in State District Court in complete and total want of subject matter jurisdiction.

CAUSE NO. 13,165

CRAE ROBERT PEASE                           §
                                            §          IN THE DISTRICT COURT
VS.                                         §
                                            §          LEE COUNTY, TEXAS
FIRST NATIONAL BANK, GIDDINGS,              §
TEXAS, LEE COUNTY TAX ASSESSOR              §
COLLECTOR                                   §          335TH JUDICIAL DISTRICT

## COUNTER-COMPLAINT FOR FORCIBLE DETAINER

TO THE HONORABLE JUDGE OF SAID COURT:

FIRST NATIONAL BANK OF GIDDINGS, TEXAS, Counter-Plaintiff, complains of CRAE ROBERT PEASE and RHETT WEBSTER PEASE, (collectively Counter-Defendants) and for cause of action shows:

I.

Crae Robert Pease is the Plaintiff herein. Rhett Webster Pease is a Texas citizen and may be served with process at 1032 PR 7039, Lexington, Texas 78947.

II.

Pursuant to a foreclosure sale that occurred on May 2, 2006, the Plaintiff purchased the subject property located at 1032 PR 7039, Lexington, Texas 78947 (the "Premises"), more particularly described as:

TRACT FOURTEEN (14), Section II, Fedor Estates, an addition in Lee County, Texas, according to the plat recorded in Slide 73A, Plat Records of Lee County, Texas.

Counter-Defendants have no leasehold or ownership interest in the subject Premises. First National Bank of Giddings, Texas, gave written Notice to vacate the subject Premises within three (3) days of receipt of the Notice. The Notice was delivered on or about May 8, 2006. The Notice stated that in the event that the Defendants did not vacate the subject Premises within three (3) days a suit would be

brought by the Plaintiff. The Counter-Defendants, despite Notice and demand, failed and refused, and continue to fail and refuse, to vacate the subject Premises.

WHEREFORE, the Counter-Plaintiff requests that Counter-Defendants be cited to appear and answer, and that on final trial:

1.    Counter-Defendants, be adjudged guilty of forcible detainer;

2.    Restitution of the property described above, be made to Counter-Plaintiff;

3.    Counter-Plaintiff recover such other and further relief to which Counter-Plaintiff may be justly entitled, including its costs of court.

Respectfully submitted,

**WRIGHT & GREENHILL, P.C.**
221 West 6th Street, Suite 1800
Austin, Texas 78701
512/476-4600
512/476-5382 (Fax)

By: _____
T. Mark Rogstad
State Bar No. 17203400

**ATTORNEYS FOR COUNTER-PLAINTIFF FIRST NATIONAL BANK OF GIDDINGS, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been sent by certified mail, return receipt requested, or by facsimile, or by hand-delivery, to the parties listed below, in accordance with the Texas Rules of Civil Procedure on this 20th day of July 2006:

Crae Robert Pease
P. O. Box 255
Lexington, Texas  78947

_____
T. Mark Rogstad

# PLAINTIFF'S

# EXHIBIT

## "E"

Notice of perfection of appeal of forcible detainer to appellate court for District Court.

Upon the perfection of appeal, a forcible detainer is annulled and set aside. Texas law calls for a new trial in the form of a "trial de novo" or new trial.

Further jurisdictional issues are addressed in the notice.

NOTICE OF APPEAL
CAUSE NO. 13165
CRAE ROBERT PEASE
V.
FIRST NATIONAL BANK

## APPELLATE NUMBER 03-07-00141-CV

Please find attached a copy of a writ of possession that Lisa Teinert, the brain dead clerk of this court has issued. Please be aware that I have never been served with a citation pursuant to 742 or 742a of the TRCP. Please also be aware that you cannot under any circumstances file a possession issue in district court. The clerk of the district court cannot issue any citation that would comport with the TRCP. The Bank in this case did not ask for title, merely possession. Said default by First National Bank of Giddings is fatal. I would ask the brain dead clerk where in the world she got authority to act without a mandate from this court. She should be removed from office. She has no verified complaint, yet she issues a writ that could only come from a Justice of the Peace, knowing that she is being sued in Washington, DC. She considers the DC court a joke. She has no complaint and has issued no proper citation and has not named me in her writ. I will not abide by a writ that does not run in my name and I will not abide by a writ in this case without a mandate. For this reason I am giving notice of appeal and request this case be appealed to the third court of appeals. See attached writ of possession.

**FILED**

JUL 2 7 2007   8:28 AM

DISTRICT CLERK
LEE COUNTY, TEXAS

_____
DEPUTY

Respectfully,

Rhett Webster Pease
1032 PR 7039
Lexington, Texas 78947



## CERTIFICATE OF SERVICE

I certify that I have sent a copy of this notice to T. Mark Rogstad, attorney for First National Bank, Giddings on this the 27th day of July, 2007.

# PLAINTIFF'S

# EXHIBIT

## "F"

Performance contract offered to the Defendants on March 12, 2007. Three events have taken place since the offer on this contract for a total of $7,500,000.00.

The Defendants have performed, but are in default on their payment for the performance.

CAUSE NUMBER 13165

| | | |
|---|---|---|
| CRAE ROBERT PEASE | } | IN THE DISTRICT COURT |
| | } | |
| v. | } | |
| | } | LEE COUNTY, TEXAS |
| | } | |
| FIRST NATIONAL BANK, ET. AL. | } | 335TH JUDICIAL DISTRICT |

## NOTICE OF SANCTION

COMES NOW Rhett Webster Pease making a special visitation in the jurisdiction of the 335th JUDICIAL DISTRICT OF LEE COUNTY, TEXAS,and files this notice of sanctions regarding Counter-Complaint for Forcible Detainer and fraudulent foreclosure on paid-off note and others, and would show the Court the following, without waiving any rights, remedies or defenses.

## NOTICE OF SANCTIONS

I hereby present to WRIGHT & GREENHILL and T. MARK ROGSTAD, this NOTICE OF SANCTION for errors contained in his document titled COUNTER-COMPLAINT FOR FORCIBLE DETAINER, which was presented to this Court on or about, July 20, 2006. I hereby grant you 48 hours, due to the extreme nature of this situation to correct the following errors in your petition. Your failure will incur a set certain penalty of $2,500,000.00 for all of the errors listed below in your filings.



The sanctions are concerning your alleged claim of property right by your alleged client, First National Bank of Giddings and its right to possession of property of which I am now in possession.

### Error 1

You were well aware that a lis pendens had been filed prior to the date you allege the non judicial foreclosure sale took place, yet claim that a valid sale took place.

You know and public record indicates that Billy Morgan as vice president posted the property for sale and yet you claim it was sold pursuant to a Deed of Trust. You are not competent to file a counter-claim for forcible detainer and neither is Wright & Greenhill, you are not a party in interest and it is clear you did not post the property for sale, the transaction was a sham. You have no contract with me and you cannot show any evidence that I executed a Deed of Trust, you have had me judged guilty of a forcible detainer without contract. You have sued me and then refused to allow any defense claiming that I am a vexatious litigant. You know that it is the policy and practice of Wright and Greenhill to fraudulently allege vexatious litigant status in order to still my voice in the courts, which is a violation of my right to due process. There is nothing in the Texas Civil Practice and Remedies Code, specifically Chapter 11, which states any

sanctions or penalties for a defendant in a suit. You and your firm along with your partner, Ross Pringle, Jr., have severely damaged me. You have 48 hours to correct your filing.

## ERROR 2

You executed and filed for public record a fraudulent lien titled SUBSTITUTE TRUSTEE DEED filed in Real Property Records, Lee County Texas, on August 24, 2006, document filed in Vol 982 Page 142. It is apparent from the face of the Substitute Trustee Deed that you allege Crae Robert Pease defaulted on that one certain note in the amount of $111,236.36 which was executed on October 2, 2002. However, Billy Morgan testifies in his affidavit dated September 13, 2006 that Crae Robert Pease executed an Extension of Real Estate Note and Lien and that is the note on which Crae Robert Pease defaulted. Your Notice of default dated April 7, 2006, clearly shows that you allege Crae Robert Pease defaulted on that one certain note in the amount of $110,204.77, the note executed on August 29, 2003. All documents referred to above are attached to this Notice of Sanction.

It is clear from public record that the original note in the amount of $111,236.36 with the attached Deed of Trust executed on October 2, 2002 was paid in full.

You can not foreclose on a Note that by your own clients admission, had been paid. This is fraud. You have nothing to support your actions and I am allowing you 72 hours to remove your fraudulent lien from public record.

## ERROR 3

You have requested a Writ of Possession based upon your fraud. I have learned that the Sheriff is purported to have said writ and is looking to serve it upon me in clear violation of my protected rights. You have 24 hours from receipt of this notice to cancel said writ. Should said writ be served upon me, I will charge you and your clients with reach of the Peace

## CONCLUSION

You, T. MARK ROGSTAD, by signing your name and Bar Card number, attested under penalty of perjury under the laws of the United States of America that all facts stated by you in a court document are true and correct. It is presumed that bar card attorneys are officers of the court and as such need not assert the penalty of perjury, as it is assumed they are at all times telling the truth.

You have two days to correct your errors and inform the court of your action. Failure to correct your errors and inform the court in writing will be:

(1)   Your agreement that you have caused me a commercial injury.

(2)   Your admission that you have committed a fraud upon the court.

(3)    Your agreement to pay the sum set certain for the injury, a damage in the amount of two million five hundred ($2,500,000.00) in dollars or there equivalent.

(4)    Your agreement not to contest my remedy based upon that provided under FRCP 60(b).

(5)    Your agreement to the dismissal of your suit and the vacation of all orders, judgments associated with it.

(6)    Your agreement to abandon all claims you might have against the subject property.

**No correction needed to this oath.**

March 12, 2007

By my hand, under penalty of perjury,

Rhett Webster Pease
1032 PR 7039
Lexington, Texas 78947
(512) 253-0218

## CERTIFICATE OF SERVICE

I, Rhett Webster Pease do hereby certify that I have sent a true and correct copy of the notice of sanction to the attorney of record, T. Mark Rogstad on this the 12th day of March, 2007, by fax, email, certified mail.

Rhett Webster Pease

Wright & Greenhill
221 West 6th Street, Suite 1800
Austin, Texas 78701

American Bar Association
740 15th Street NW
Washington, DC 20005

Office of Sheriff Lee County Texas

Complaint filed with the Federal Trade Commission on March 13, 2007.

# PLAINTIFF'S

# EXHIBIT

# "G"

Public Notice of unlawful actions by Defendants and additional offer to contract. Damages were liquidated prior to the performance of the Defendants.

THE PROPERTY RECORDS
LEE COUNTY, TX
#: 2007-02255 07/25/2007 03:13:00 PM

Return to:   Rhett Webster Pease
             1032 PR 7039
             Lexington, Texas 78947

### MECHANIC'S AND MATERIALMAN'S LIEN

This is a lien for **$45,000.00** against the property made subject of a lawsuit in Cause Number 13165 in the 335th Judicial District of Lee County Texas more particularly described as:

**TRACT FOURTEEN (14), SECTION II, FEDOR ESTATES, AN ADDITION IN LEE COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN SLIDE 73A, PLAT RECORDS OF LEE COUNTY, TEXAS.**

I was sued by FIRST NATIONAL BANK, GIDDINGS in the District Court for a forcible detainer.

I was never cited with any citation that would comply with Texas Rules of Civil Procedure 742 and 742a.

No verified complaint is in the record and no verified complaint has ever been filed against me.

To my knowledge First National Bank of Giddings has no writ of possession in my name. I am not required to comply with process not in my name.
First National Bank through Billy Morgan has attempted real estate fraud in this case and has abused the court to issue fatally defective process. See Texas Attorney General Opinion Number GA-0112 which was issued by Greg Abbott on October 8, 2007.

I appealed this bogus ruling on March 5, 2007 and no mandate has been returned.
First National Bank has attempted three different times to serve the writ although no one is named in the writ in violation of well established law.

I am charging First National Bank $15,000.00 for each incident of this intentional infliction of emotional distress. At no time has First National Bank ever had a writ with my name.

I am aware that First National Bank is being sued in Federal Court for these abuses.

Should the bank attempt this again without a writ issued in my name from a proper court, I will charge said bank $25,000.00 per incident from the receipt of this notice.

Should the bank produce a verified complaint from a justice court, with a citation that complies with TRCP 742 and 742a and show that Rhett Webster Pease was served with said verified complaint, I will immediately release this lien.

Original filed but not compared
SHARON BLASIG
County Clerk, Lee County, Texas

I have been the victim of this judicial terrorism on four separate occasions: On or about March 13, 2007, March 14, 2007, May 1, 2007 and July 23, 2007. I have to this day never seen any writ of possession with my name on it and in addition, I see that T. Mark Rogstad has asked for another writ on July 24, 2007, again with no name on the writ.

Lisa Teinert has no authority to issue citation without a verified complaint and she has no authority to issue citation in a forcible detainer at all. At all times FIRST NATIONAL BANK, GIDDINGS has been aware of the fraud and have continued. FIRST NATIONAL BANK has no legal judgment against RHETT WEBSTER PEASE or Rhett Webster Pease and their actions are criminal and terroristic.

Further affiant sayeth not."

_____
Rhett Webster Pease

SWORN TO and SUBSCRIBED before me by Rhett Webster Pease on this the 25th day of July, 2007.

_____
Notary Public in and for
the State of Texas

JANICE MITSCHKE
Notary Public, State of Texas
My Commission Expires
JAN. 17, 2009

07/25/2007  03:13 PM
#: 2007-02255
FILED AND RECORDED
SHARON BLASIG
COUNTY CLERK
LEE COUNTY, TEXAS

# PLAINTIFF'S

# EXHIBIT

# "H"

Invoice to Bill Landiss Dated September 23, 2009.

Said invoice is undisputed and the Defendants are currently in default on the contract.

*Rhett Webster Pease*

**1032 PR 7039**
**Lexington, Texas 78947**
**(512) 253-0218**

September 23, 2009                                  **Certified mail # 70072560000141022698**

Bill Landiss
First National Bank of Giddings
108 E. Austin
Giddings, Texas 78942

RE: Terroristic threat by your employee and demand to cease and desist

Mr. Landiss,

As previous trustee for the property that I have possession of, you know that I have no debt and did not agree to become a tenant at sufferance. Your attorney has made me a tenant at sufferance and has caused endless, needless litigation, causing both of us to suffer.

I have reviewed public record and I have seen that you have clouded the title with a document labeled Substitute Trustee's Deed which was executed on May 5, 2006 and acknowledged on May 4, 2006. Said document does not by law, convey real property. This was the mistake made by your attorney as your agent, who was more interested in torturing me, than getting Crae involved. Crae was not served with citation in the district court case for forcible detainer, only me. You have not ever accused Crae of being a tenant at sufferance. The statement by your attorney says that Crae bought the property.

Your remedy does not lie in continuing to harass me with more violence and threats of violence. I previously filed a performance contract into the court case stating that each breach of the peace is valued at 2.5 million dollars. The contract is labeled "Notice of Sanctions" and was filed in 2007. You have now accepted the contract and your continued performance is under said contract. You have committed three breaches so far.

It is my position that you and the bank committed a Fourth Amendment violation when you allege that you had the right to break into my house with a 24 hour notice on July 24, 2009. Your agent has also denied me the right to petition for redress. I waited until 10:00 AM on July 24th and then took my children to safety. I was then told by the Sheriff's department that I could not remove my personal property and that it belonged to the bank. Many of items were either completely destroyed or dented, dinged or spindled. Because of the unlawful actions of your agents, I have taken a security interest in your title, if any, and will be more than happy to return your alleged collateral as soon as I am made whole from the 3 plus years of torture. I consider us to be operating under the contract filed into the district court. This contract replaces the previous contract.

It is apparent that your bank intends to criminalize my taking advantage of your attorneys

mistakes, I have done nothing criminal. I will remind you that your agent should be responsible for his own mistakes, not me. The bank is in dishonor and has been in dishonor ever since it hired T. Mark Rogstad. I am in possession of a lawful writ of re-entry.

Because the two and a half million dollar fee does not seem to faze you and your attorney, my new offer for you to accept, is that each additional violation of my protected rights, including the right to petition for redress is now valued at twenty five million dollars ($25,000,000.00), as of your receipt of this offer and acceptance. This includes making me appear at another needless forcible detainer trial. It is clear that the district court power has long ago expired and the district court judgment is null and void. See attached fax to judge from Rogstadt

You are in default on the three violations and said offer included pre and post judgment interest. Please remit your payment immediately.

Total amount due and payable jointly and severally, on demand, with other agents in July 24, 2009 raid.

| | |
|---|---|
| Helical Nutrition | $ 475,000.00 |
| RHETT WEBSTER PEASE | $7,500,000.00 plus interest |
| Incidental costs for groundless litigation | $  40,000.00 |
| | |
| TOTAL DUE IMMEDIATELY | $8,020,000.00 |

Be aware that this is a firm and binding offer and any further attempts by your bank to disturb my peaceful possession of the property is actionable.

I have also been made aware that I cannot sue Wright & Greenhill for this action and I have previously been made aware that I cannot sue your bank, so all damages are liquidated.

Thank you for your consideration,

Rhett Webster Pease

cc: Wright & Greenhill

Enclosed 1099As

# PLAINTIFF'S

# EXHIBIT

## "I"

Notice of pending appeal in the State Court of Appeals concerning the issue of possession and the Plaintiff and the Defendants.

Defendants are attempting to deny Plaintiff appeal based upon "vexatious litigant".

Plaintiff has writ of possession from Justice of the Peace and Defendants claim that County Court set aside Justice writ.

County Court has no appellate jurisdiction and the Defendants again are legally mistaken.

WRIGHT & GREENHILL, P.C.
ATTORNEYS AT LAW



221 WEST 6TH STREET, SUITE 1800
AUSTIN, TEXAS 78701-3495
P.O. BOX 2166 • 78768

TELEPHONE 512/476-4600
FACSIMILE 512/476-5382
DIRECT DIAL 512/708-5364

T. MARK ROGSTAD

September 25, 2009

INTERNET MROGSTAD@W-G.COM

Jefrey D. Kyle, Clerk
Court of Appeals
Third District of Texas
P.O. Box 12547
Austin, Texas 78711-2547

RE:     Court of Appeals Number:      03-09-00551-CV
        Trial Court Case Number:       3014
        Our File No. 9360-38525

        Rhett Webster Pease
        v.
        First National Bank of Giddings

Dear Mr. Kyle:

    I received your letter of September 22, 2009 in the referenced matter and I wanted to make an immediate response. Rhett Webster Pease has been declared a "vexatious litigant". I have enclosed a copy of Judge Flenniken's Order declaring Rhett Webster Pease, a vexatious litigant. The Order was signed on January 2, 2004.

    I have no notice that Mr. Pease has complied with any of the pre-suit conditions that would allow him to file the underlying claim or this appeal. Therefore, I ask that the Court take action to either abate this action or dismiss this case. If I need to file some sort of a motion, please let me know. The Bank should not be burdened with further litigation with Mr. Pease.

                            Very truly yours,

                            WRIGHT & GREENHILL, P.C.

                            By: _____
                                   T. Mark Rogstad

TMR/rsb
Enclosure

cc:    Rhett Webster Pease            CMRRR# 7003 2260 0003 94650 5466

08/05/2009   17:04     9795421898

Aug 5 2009  16:48
FORREST R STEWARD

PAGE 04

MAY 1 2 2005

RECEIVED
MAY 1 1 2005
OFFICE OF
COURT ADMINISTRATION

CAUSE NO. 12,527

| | | |
|---|---|---|
| RHETT WEBSTER PEASE | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | LEE COUNTY, TEXAS |
| | § | |
| JAMES R. NICKELATTI, and BRANTLEY | § | |
| ROSS PRINGLE, JR. | § | |
| Defendants. | § | 335ST JUDICIAL DISTRICT |

## ORDER

Came on this date to be heard Plaintiff Rhett Webster Pease's Application for Temporary Restraining Order, Defendants' Motion to Transfer Venue and Motion to Deem Plaintiff a Vexatious Litigant, subject to Defendants' Motion to Transfer Venue. All parties to the suit appeared in person or through counsel of record. The Court, having considered the above application and motions, the evidence offered and introduced at the hearing and the argument of counsel, makes the following findings and issues the following orders.

The Court notes that, with respect to Defendants' Motion to Transfer Venue, the parties waived the requirement of Texas Rule of Civil Procedure 87.1 requiring 45 days notice of a hearing on the Motion to Transfer Venue. Based on the parties' agreement in open court, the Court granted leave to hear the Motion to Transfer Venue on December 12, 2003. In light of the other findings and orders herein, the Court DENIES Defendants' Motion to Transfer Venue as moot.

FILED

Plaintiff's Application for a Temporary Restraining Order is DENIED.

JAN 5 2004 9:30AM

Defendants' Motion to Deem Plaintiff Rhett Webster Pease a vexatious litigant is GRANTED.

DISTRICT CLERK
LEE COUNTY, TEXAS

On the Motion of Defendants, the Court enters an Order pursuant to Section 11.101 of the Texas Civil Practice and Remedies Code. Accordingly, the Court hereby PROHIBITS Rhett Webster Pease from filing, in propria persona, any further litigation in a court in this state

EXHIBIT "A"

08/05/2009  17:04     9795421898                      FORREST R STEWARD                     Aug 5 2009  16:48                    PAGE 05

unless the local administrative judge of the court in which Rhett Webster Pease intends to file further litigation has granted permission to Rhett Webster Pease under Texas Civil Practice and Remedies Code Section 11.102 to file future litigation.

The Court further warns and advises Rhett Webster Pease that disobedience of this pre-filing Order under Chapter 11 of the Texas Civil Practice and Remedies Code shall be punishable as a contempt of Court.

The Court, on its own initiative and after notice and hearing, finds that the above captioned lawsuit is groundless and brought in bad faith or groundless and brought for purposes of harassment in violation of Texas Rule of Civil Procedure 13.

The Court, pursuant to Texas Rules of Civil Procedure 13 and 215.2(b) ORDERS and imposes the following sanctions to be imposed on Plaintiff Rhett Webster Pease:

a. The Court dismisses with prejudice this lawsuit.

b. All court costs are hereby taxed against Rhett Webster Pease, for which let execution issue if not timely paid;

c. Plaintiff Rhett Webster Pease shall pay reasonable attorneys' fees to Defendant Jim Nickelatti in the amount of One Thousand Five Hundred Dollars and NO/100 ($1,500.00) incurred in this suit, which the Court finds are reasonable and necessary as a result of Plaintiff's filing this lawsuit in violation of Rule 13. Said attorneys' fees shall be paid on or before *March 31, 2004.*

The Court finds that good cause exists for imposition of the above referenced sanctions against Plaintiff Rhett Webster Pease. The Court finds that this is the fourth lawsuit Plaintiff has brought against Defendant Nickelatti, Defendant Pringle or some combination of said Defendants and that all four lawsuits arise out of the same set of operative facts. Further, the

-2-

08/05/2009 17:04 9795421898 FORREST R STEWARD Aug 5 2009 16:49 PAGE 06

Court finds that this lawsuit is groundless and barred by the doctrine of res judicata and/or collateral estoppel. The Court finds that Plaintiff's selection of Lee County to file this lawsuit and the allegations in Plaintiff's original action and application for temporary restraining order and temporary injunction that "venue is proper and that all acts complained of took place in Lee County, Texas" is false, fraudulent and contradicted by Plaintiff's allegations in the prior lawsuits arising out of this dispute that the acts complained of took place in Travis County, Texas. The Court finds that Plaintiff Rhett Webster Pease's repeated attempts to relitigate this dispute in multiple counties is an attempt to harass Defendants.

SIGNED this 2 day of _____, 2003. 2004

_____
TERRY FLENNIKEN, JUDGE PRESIDING

APPROVED AS TO FORM:

Rhett Webster Pease
P. O. Box 255
Lexington, Texas 78947


_____
Rhett Webster Pease


_____
Brantley Ross Pringle, Pro Se
and as Attorney for Jim Nickelatti
WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas 78701
(512) 476-4600
(512) 476-5382 fax



# COURT OF APPEALS

### THIRD DISTRICT OF TEXAS

P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.3rdcoa.courts.state.tx.us
(512) 463-1733

J. WOODFIN JONES, CHIEF JUSTICE
JAN P. PATTERSON, JUSTICE
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
ALAN WALDROP, JUSTICE
DIANE HENSON, JUSTICE

JEFFREY D. KYLE, CLERK

PATRICK SHANNON,
CHIEF STAFF ATTORNEY

September 22, 2009

Mr. T. Mark Rogstad
Wright & Greenhill, PC
221 W. 6th Street, Suite 1800
Austin, TX 78701

Rhett Webster Pease
1032 PR 7039
Lexington, TX 78947

RE:  Court of Appeals Number:     03-09-00551-CV
     Trial Court Case Number:     3014

Style:  Rhett Webster Pease
        v.

        First National Bank of Giddings

Dear Counsel:

The Court has been advised that appellant has given notice of appeal. The cause in this Court will bear the number and style shown above. If appellant has not already done so, he must make a written request to the clerk and the court reporter and make arrangements for payment of the record within ten days of the receipt of this notice. Tex. R. App. P. 34.6(b)(1).

The Court is now accepting electronic courtesy copies of filings. An electronic copy of the clerk's record, reporter's record and briefs will help facilitate disposition of the appeal. Thus, it is requested (but not required) that the party responsible for requesting or filing the respective documents also provides the Court with an electronic copy on a CD/DVD in a searchable PDF format. For further instructions regarding electronic filing please see "electronic filing" on our website www.3rdcoa.courts.state.tx.us.

Very truly yours,

Jeffrey D. Kyle, Clerk

cc:  The Honorable Susan Blasig

RECEIVED
SEP 2 5 2009

# PLAINTIFF'S

# EXHIBIT

## "J"

Attempt by Defendants to resurrect plenary power in District Court and enjoin proper court from ruling on forcible detainer.

Justice Court ruling stands to this day as a matter of law concerning these parties and this property.

WRIGHT & GREENHILL, P.C.
ATTORNEYS AT LAW

COPY

221 WEST 6TH STREET, SUITE 1800
AUSTIN, TEXAS 78701-3495
P.O. BOX 2166 • 78768

T. MARK ROGSTAD

TELEPHONE 512/476-4600
FACSIMILE 512/476-5382
DIRECT DIAL 512/708-5364

INTERNET MROGSTAD@W-G.COM

August 26, 2009

The Honorable Reva L. Towslee-Corbett
Lee County District Judge
100 W. Buck St.
Caldwell, TX 77836

**Via FAX 979-567-2382**

RE:    Cause No. 13,165; *Crae Robert Pease v. First National Bank, Giddings, Texas, and Lee County Tax Assessor Collector,* in the 335th Judicial District Court, Lee County, Texas.
Our File No. 9360-38525

Dear Judge Corbett:

You signed an Order in the above-referenced cause on October 17, 2006 (see attached #1). Your Judgment was not appealed by Crae Pease. Your Order found that First National Bank of Giddings was the owner and titleholder of the subject home and were entitled to immediate possession. Crae Pease did not appeal your decision. Rhett Pease did appeal the decision. Rhett Pease's appeal was dismissed by the Austin Court of Appeals. Therefore, your Order is a final adjudication of the dispute involving the house that was owned by Crae Pease and foreclosed by the First National Bank.

Crae Pease filed a lawsuit against you, Sheriff Meyers, the Bank, Billy Morgan and myself in the Federal Western District Court. Judge Yeakel dismissed all of Crae Pease's claims (see attached #2). Crae Pease appealed his claims against the Bank, Billy Morgan and myself to the Fifth Circuit. The Fifth Circuit affirmed Judge Yeakel's dismissal (see attached #3).

After the Fifth Circuit's ruling, a Writ of Possession was requested and was subsequently issued (see attached #4). The Writ was served by the Sheriff's Department on July 6, 2009.

Since the Writ of Possession was served, several lawsuits have been filed in JP3, Lee County. Rhett Pease filed a Forcible Entry and Detainer action in Lee County, JP 3. Rhett Pease's claim was disposed of since Rhett Pease has been declared a vexatious litigant.

Dessie Andrews filed a Writ of Re-entry with Lee County JP3 (see attached #5). The Writ of Re-entry was based upon Section 92.0081 of the Texas Property Code. Chapter 92 involves "landlord/tenant relationships". The First National Bank of Giddings does not have a "landlord/tenant" relationship with Rhett Pease, Crae Pease or Dessie Andrews ("Pease Parties"). We understand that Dessie

Lee County District Clerk
August 26, 2009
Page 2

Andrews is the mother of Rhett and Crae Pease and who may have lived at the subject property.

Judge Hester set the Writ of Re-entry for a hearing on August 21, 2009. At that hearing, Judge Hester ruled in favor of Dessie Andrews and apparently, the Pease Parties have moved back into the subject property (see attached #6).

Billy Morgan was served with another Forcible Detainer today, August 26, 2009 (see attached #7).

Judge Hester's actions are in an affect overruling your prior decision. The actions by Ms. Andrews, Rhett Pease and Crae Pease are attacking your decision. Such attack is barred by *res judicata* and *collateral estoppel*. Judge Hester's involvement in this situation is causing confusion and is his ruling is inconsistent with your Judgment that disposed of the various claims asserted by the Pease Parties.

We would ask that an additional Writ of Possession be issued in the form attached hereto (see attached #8 & #9). We would ask that you use your judicial powers to enforce your Order. We believe that you have the power to enforce your Orders after your preliminary power expires. See *Allen v. Allen* 717 S.W.2d 311, 312 (Tex. 1986). *Kenseth v. Dallas City* 126 S.W.3d 584, 600 (Tex.—App. Dallas 2004 pet. denied.)

I believe that you could sign an Enforcement Order directing Judge Hester to refrain from engaging in any additional litigation with the Pease Parties and the Bank with respect to the subject premises located at 1032 P.R. 7039, Lexington, Texas 78947 and more particularly described as Tract 14, Section 2 of the Fedor Estates, an addition in Lee County, Texas, according to the Plat recorded in slide 73A, Plat Records of Lee County, Texas.

Thank you for your attention in this regard.

Very truly yours,

WRIGHT & GREENHILL, P.C.

By: _____
         T. Mark Rogstad

TMR/rsb
Attachments (9)

# PLAINTIFF'S

# EXHIBIT

## "K"

Correspondence giving Defendants notice of Plaintiff's legal position with memorandum of law.

Archie Carl Pierce
221 West 6th Street, Suite 1800
Austin, Texas 78701

Re: effect of appeal on judgment in trial court Cause Number 13165 Crae Robert Pease v. First National Bank, Giddings, Texas

Mr. Pierce,

It has come to my attention that you claim that an order granting motion for partial summary judgment, a copy of which is attached, somehow gives your client the ability to request a writ of possession. I disagree.

Let me introduce myself. Mr. T. Mark Rogstad had me cited and served as a tenant at sufferance on behalf of the bank. I did not ever agree to such a condition and have executed no deed with your client. I had nothing to do with the title matter, until I was sued.

The way I look at it is that Rogstad filed a forcible detainer in district court. See attached copy. Rogstad asked for a forcible detainer, exclusive of all other remedies in the motion for partial summary judgment. See attached copy.

At no time did Rogstad request title for the bank and waived the right to raise it later by issue and claim preclusion, res judicata, collateral estoppel with regard to the property as to Rhett Webster Pease and Crae Robert Pease. The pleadings support a request for a forcible detainer, which was granted by the court.

Rogstad told the judge that I could not argue jurisdiction because I was a vexatious litigant (that title is complements of Ross Pringle, Jr.). The trial court judge Reva Towslee-Corbett had me indicted by the Texas Rangers for simulating legal process by contesting jurisdiction with the filing of a motion for new trial. She later had the process server arrested in the federal suit. It is clear that she acted in complete and total want of subject matter jurisdiction as a matter of law. She is vindictive and uses criminal complaints to further her agenda.

I claim that the court had no subject matter jurisdiction and that the original, exclusive jurisdiction for a forcible detainer suit is with the justice of the peace. See It's The Berrys, LLC d/b/a Mary Ellen's v. Edom Corner, LLC, 07-06-0390-CV. The Seventh Court of Appeals has determined the following on the transfer of a forcible detainer to district court and the value of the order issued thereby: "When a trial court lacks subject matter jurisdiction to render a judgment, the proper procedure on appeal is for the appellate court to set the judgment aside and dismiss the cause. See Dallas County Appraisal Dist. v. Funds Recovery, 887 S.W.2d 465, 471 (Tex.App.–Dallas 1994) (citing Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, 827 (1961)). Finding the trial court lacked subject matter jurisdiction, we sever the forcible detainer case, vacate the judgment in the forcible detainer case, and dismiss the forcible detainer case. Otherwise, we affirm the district court's judgment."

I also claim that the effect of appeal on a forcible detainer action renders the original order void:

Perfection of an appeal to the county court from a justice court vacates and annuls the judgment of the justice court. Mullins v. Coussons, 745 S.W.2d 50, 50 (Tex. App. -- Houston[14th Dist.] 1987, no writ). When an appeal from justice court to county court is properly perfected, it is the plaintiff's burden to prosecute the case. Poole v. Goode, 442 S.W.2d 810, 813 (Tex. Civ. App. -- Houston [14th Dist.] 1969, writ ref'd. n.r.e.). The justice court judgment becomes a nullity upon the filing of an appeal even if the county court appeal is subsequently dismissed for want of prosecution. See id. at 813. Once a county court acquires jurisdiction by perfection of an appeal from justice court, the county court tries the case de novo; it cannot affirm, reverse, or remand the cause to the justice court. If the county court dismisses a suit for want of prosecution or if the plaintiff non-suits the suit, dismissal of the appeal amounts to a dismissal of the entire cause of action, leaving the matter as if no suit had ever been filed. See In re Garza, 990 S.W.2d 372, 374 (Tex. App. -- Corpus Christi 1999, orig. proceeding); Advance Imports, Inc. v. Gibson Products Co., 533 S.W.2d 168, 170, 171 (Tex.Civ. App. – Dallas 1976, no writ).

Last, in hearing a forcible detainer action, the trial court waived the right to adjudicate title. In a forcible detainer hearing, only possession is at issue. At no time did Reva Towslee-Corbett ever hold any hearing on title and the case has now legally been disposed of. See the following: The only issue in a forcible detainer is immediate possession, not title. See Rule 746. The justice court cannot adjudicate title. Martinez v. Daccarett, 865 S.W.2d 161, 163 (Tex. App. -- Corpus Christi 1993, no writ); Slay v. Fugitt, 302 S.W.2d 698, 701 (Tex. Civ. App. – Dallas 1957, writ ref'd n.r.e.). Corbett was simulating a Justice of the Peace.

By including me in this mess, Rogstadt has opened up his client to liability and waived their right to title by filing a suit he knew was to harass me. It is clear that it was up to your firm to prosecute an appeal of this issue and you did not and allowed the matter be disposed of for want of prosecution. In addition, I am entitled to a trial de novo, which I have not had. This appeal was dismissed for want of prosecution and the entire matter was then moot. You hold no valid order and Rogstadt is conspiring to simulate legal process by encouraging Lisa Teinert to issue more void writs without any real legal authority.

Because Rogstadt wanted to make an end run around due process, I have been severely damaged without any justification and he legally disposed of his clients right to title by operation of law.

This is my position on this matter. If you disagree or claim to have any legal right to pursue the frivolous claim for possession please let me know within 3 business days of receiving this notice. Should Rogstad and the bank wish to proceed, I will be forced to file for a writ of mandamus.

Thank you for the consideration,

_____

Rhett Webster Pease

February 1, 2009

Billy Morgan
First National Bank of Giddings, Texas
Giddings, Texas 78942

Request for settlement in matter of fraudulent law suit your attorneys brought against me.

Dear Billy,

I think that this law suit has gotten out of hand with my indictment on this matter for simulation of legal process. I must hold the bank accountable.

I would also like you to review the letter that I wrote to your federal appellate attorney concerning my legal position on the property.

Your attorney could not legally file what he filed into court. When the court heard said cause of action it divested itself of legal subject matter jurisdiction and waived the right of the bank to contest title to the property. Title may not be adjudicated in a forcible detainer. My brother calls them Wrong & Dumbhill in the federal brief.

The bank was sued for title and your attorney was more interested in inflicting damage to me than he was in asking the court for title to the property. The bank brought a forcible detainer to a district court and did not request title in the legal proceedings and is legally barred from doing so again. See attached documents to Pierce letter.

The bank has no legal right in the property due to the boneheaded maneuvers of Rogstad. Rather than continue to pay their legal fees in court, the bank should take these documents to an outside attorney and explore the malpractice option in this deal.

As you know, I never executed a deed of trust and you had no legal right to drag me into the court in the first place. I propose the following in order to conclude this matter. Again, my position is that you have waived your legal right to title to the property. The bank has clouded title and all parties have been thrown out of state court.

If you disagree, let me know and I will get a decision on the matter, but it will incur more legal fees on your part and the exercise will be futile. In addition the damages will grow. It was a big legal mistake to file a forcible detainer as a counter claim in a title suit. I cannot emphasize that enough.

I propose damages at the following rate:
$250.00 per day from the filing of the request (July 20, 2006) for citation against me until such time as the bank executes a quit claim deed on the property in favor of a non-profit organization of my choice;
$15,000.00 damages for the fraudulent indictment against me;
$10,000.00 for the jail time and libelous allegations and costs needed to expunge;
Interest on the debt at 10% compounded quarterly until such time as the debt is discharged.

Thank you,