**SO ORDERED.**

**SIGNED this 04th day of May, 2010.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| RHETT WEBSTER PEASE | 09-54754 |
| *DEBTOR* | CHAPTER 13 |
| RHETT WEBSTER PEASE | |
| *PLAINTIFF* | |
| V. | ADV. NO. 10-5011-C |
| FIRST NATIONAL BANK OF GIDDINGS, AND WRIGHT & GREENHILL, P.C. | |
| *DEFENDANTS* | |

### MEMORANDUM DECISION AND ORDER ON MOTION TO RECUSE

CAME ON for consideration the plaintiff's motion to recuse. For the reasons stated, the motion is denied.

## Background

This adversary proceeding was filed by the debtor against the defendants, seeking damages for alleged violations of various alleged rights, constitutional and otherwise. The defendants failed to timely answer the complaint. The plaintiff moved for default judgment, by way of a motion that was not served on opposing parties. The court granted the default judgment, based on the fact that no answer had been timely filed. The form of default judgment tendered to the court by the plaintiff granted a judgment against the defendant First National Bank of Giddings in the amount of $8 million. The court erred in not setting the motion for hearing, for two reasons. First, the court failed to note that the motion had not been served on the defendants. Second, the court failed to note that the complaint sought damages in an unliquidated amount, such that a hearing was necessary in order to determine the amount of damages. The defendant bank timely filed a motion to set aside the default judgment. The court set the motion for expedited hearing, based on the representation by the defendant that the amount of the judgment was such that it would force the bank to cease doing business.

At the hearing, the defendant bank, through counsel, advised the court of its efforts to advise the plaintiff of the expedited hearing. Notice was given to the plaintiff by delivery to his home address. The court proceeded with the hearing. The court noted that the motion for default judgment had not been served on the bank. It also noted that no evidence was ever presented to support the damages stated in the judgment. The court examined applicable Fifth Circuit precedent regarding how Rule 60(b) is applied to motions for reconsideration of default judgments, and concluded that the default judgment should be set aside.

The effect of these rulings was to require the plaintiff to proceed with discovery, and to trial on the merits, where it would then be required to present competent evidence to support his claims against the bank (Wright & Greenhill, P.C. have been nonsuited by the plaintiff). The bank has also filed a motion to dismiss under Rule 12(b)(6). The plaintiff has not, to date, responded to that motion though the time for doing so has not quite yet expired. However, the plaintiff has not been deprived of his day in court with respect to his lawsuit. He has only be deprived of the advantage of a default judgment.

After the entry of the order setting aside the default judgment, a copy of the order was sent to the plaintiff. The plaintiff was evidently displeased with the ruling, as he filed a document entitled "Notice of Non Acceptance and Return of Order and Notice of Void Order" on May 3, 2010. The plaintiff attached a copy of the order, across the face of which the plaintiff had written "VOID" with the explanatory statement "Refusal for Cause, No Notice! No Security! Violation of Stay by Defendants!" He signed his name, under which he wrote "Surety in Fact" and dated it April 30, 2010. In the Notice, plaintiff states that the order must be void as a denial of his due process, and details his basis for that contention – that the expedited hearing was too expedited to be adequate notice under the Constitution. At the end of the pleading, the plaintiff states that the order of this court setting aside the default judgment "... is void and is hereby returned to the court."

On the same day, the plaintiff also filed this motion to recuse. In it, plaintiff recounts what he believes are multiple reasons why I should recuse myself. He recounts his version of the facts and the law in this case, and, in essence, asserts bias on my part because I do not agree with his version of the facts and the law. He also alleges bias based upon "extrajudicial sources and actions," and for support, contends that "Judge Clark received and used false ex parte evidence, rumors and innuendo

in the hearing to lift stay on February 1, 2010." He then explains the basis for this contention, namely that the court heard evidence presented by the bank at that hearing "... although the Bank had never filed a claim against Plaintiff, nor submitted any nexus of debt between itself and the Plaintiff and sua sponte claimed that Plaintiff was responsible for his brother's debt, even though the bank never sued his brother for the debt." In other words, the plaintiff disagreed with this court's ruling on the motion for relief from stay, and the basis of this court's ruling. Plaintiff, in other words, finds bias from the fact that the court did not agree with the plaintiff's version of the facts and the law.

For further support, the plaintiff claims bias from the fact that the court set aside the default judgment, and from what plaintiff describes as failing to "zealously guard the jurisdiction of the court." He claims the court "knew from the filings that the Bank had trespassed on federal jurisdiction, and he made no move to hold the guilty parties in contempt, thereby ratifying the unlawful seizure and destruction of all of Plaintiff's personal property." This allegation is an evident reference to a pleading filed March 1, 2010, in which Plaintiff claimed "contempt of federal jurisdiction" in the main case. Plaintiff obviously finds prejudice from the fact that this court did not believe that any contempt had taken place. However, the pleading filed by plaintiff was entitled "Notice of Contempt of Federal Jurisdiction." On its face, the caption of the pleading was not a motion. No form of order was submitted with the pleading, meaning that, under the court's electronic filing system, the motion would not have come to the court's attention. The docket also reflects a "motion for expedited hearing" with regard to the notice of contempt, but the document actually filed on that date was a duplicate of the Notice. No order was uploaded with this document either. In the final paragraph of the Notice, plaintiff states "Petitioner prays for an expedited hearing

on the matter of sanctions and requests that the trsutees of this court demand an accounting of the property held in trust and the taking, destruction, and devastation visited upon said property and that all actors be held responsible and accountable for their complete and total disregard and disdain for any authority other than that of their own making."

It would appear that plaintiff believed that the bank acted either prematurely, the result of failing to actually submit a form of order granting relief from stay, and of failing to wait until the fourteen day time period for filing an appeal had run. The flaw in plaintiff's argument is that an appeal does not automatically stay the effectiveness of an order, nor is there an automatic stay of the effectiveness of an order in a bankruptcy case for a period of time under Rule 62(a). The Bankruptcy Rules now provide that Rule 7062 no longer applies in contested matters, *see* FED.R.BANKR.P. 9014, with the result that stays only apply to orders in contested matters in two circumstances – a specific stay is supplied in a specific bankruptcy rule (*e.g.* FED.R.BANKR.P. 6004(h)), or the court orders that a stay will apply. The rule regarding dismissal of bankruptcy cases, Bankruptcy Rule 1017, does not supply a specific stay as to orders of dismissal. Thus, the order of dismissal was effective upon its entry, even though the time for notice of appeal had yet to run. No request for a stay pending appeal was ever filed by the plaintiff. Thus, the "Notice of Contempt of Federal Jurisdiction" was flawed as a matter of law.

The motion for recusal goes on to complain about this court's first granting default judgment to plaintiff, then setting it aside on an expedited basis. The plaintiff complains that this court "had neither affidavit nor proof of service[3] before him, yet, in his order, he states that he did." He then goes on to complain that the court has "signed off on the Fourth Amendment violation by the Defendants on February 27, 2010" (an evident reference to the bank's enforcement actions against

him). He further complains about lack of proof of service with regard to the expedited hearing on the motion to set aside the default judgment, and alleges that as additional proof of bias.

Next, plaintiff complains that the defendant bank was obligated to post a supersedeas bond as the price for appealing the default judgment, citing to Rule 62(a) of the Federal Rules of Civil Procedure, which would be applicable, he notes, to adversary proceedings. Plaintiff fails to appreciate that no bond is required to present a motion to set aside a default judgment, as such a motion is not an appeal. Plaintiff, however, maintains that this court's failure to impose a bond requirement on the bank "illustrates his prejudice and bias toward Plaintiff."

This is how the plaintiff concludes his motion for recusal:

> Because Judge Clark's fias or prejudice prevents Plaintiff from receiving a fair hearing before the court, the judge should recuse himself and his order of April 28, 2010, is void because the Defendants are in violation of the automatic stay as of February 27, 2010 and have never questioned the debt prior to this, although the proposal to contract was offered in 2007. At no time has the debt ever been questioned and it is apparent from the record that the debt was liquidated by the Court record. What is the new trial about? The debt is well plead and the Defendant bank is liable for numerous constitutional violations over a five year period against the Plaintiff. Judge Clark is not on the side of the Texas Legislature concerning the underlying possession issue and has clearly departed from his previous rulings in order to give the Defendants the right to violate the automatic stay, re-instate the stay in order to create the illusion of emergency and then set aside an eight million dollar judgment without any supporting affidavits or protection fro the Plaintiff in the form of a supersedeas bond is clearly non-governmental. Either tyhe Judge or Mr. Powell or both needs to post a ten million dollar bond and restore me to possession of the property.

*Motion*, at pp. 10-11.

## Analysis

A motion to recuse is entrusted to the sound discretion of the judge to whom the motion is submitted. The recusal statute imposes a duty to recuse whenever a judge's impartiality might reasonably be questioned, and requires recusal if the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. *See American Prairie Constr. Cl. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009); *see also* 28 U.S.C. § 455. The standard applied is an objective one: would a reasonable person who knew the circumstances question the judge's impartiality, even though no actual bias or prejudice has been shown. *Id.*

However, a judge is also presumed to be impartial, and the party seeking disqualification has the substantial burden of proving otherwise. A party seeking recusal from in-court conduct must show the judge had a disposition so extreme as to display a clear inability to render a fair judgment. *Id.* (citing *Liteky v. United States*, 510 U.S. 540 (1994)). The Supreme Court has said that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S., at 555.

In this case, the plaintiff's principal bases for claiming bias and prejudice is that this court has not agreed with his version of the facts, or his vision of how the law works. These are not valid bases for finding bias or prejudice. Instead, they merely form the basis for the plaintiff to seek an appellate review of various decisions with which he disagrees. If, in the course of his attempt to pursue such appellate review, he should stumble (as has happened in this case, both by virtue of his

having failed to obtain a stay pending appeal of this court's order dismissing the bankruptcy case, and by virtue of his failure to timely tender filing fees due relating to his appeal), then his failure to obtain appellate review is a matter of his own making. No bias or prejudice on the part of this court can be gleaned from the court's ruling dismissing plaintiff's appeal – the order explains at some length the reasons for the court's ruling, and the court's order denying reconsideration invites the plaintiff to seek mandamus if he truly believes this court to have violated his constitutional rights. Indeed, that order, states "this court will take no offense should the debtor pursue that course, and will of course be guided by the orders of the district court." That is hardly an order that betrays any bias or prejudice toward the plaintiff, even though it denies the relief requested.

Plaintiff's conclusion in his motion for recusal displays plaintiff's real concern: he had a judgment in hand, for a seven digit amount, all ready to be enforced against the bank, when the court took that judgment away from him, forcing him instead to prove up his entitlement to relief (and prove up as well his damages). The fact that this court readily entered a default judgment in favor of plaintiff after the court's review of the docket confirmed that no answer was on file, and the fact that the court entered the judgment tendered without first setting the motion for hearing demonstrates that, if anything, this court is entirely even-handed. It was prepared to enter a judgment in favor of the plaintiff for a very large sum of money. It is difficult to make the case that the court that would enter such a judgment is biased and prejudiced against the plaintiff.

The fact that the court set aside that judgment is not evidence of bias or prejudice against the plaintiff. It is merely a ruling rendered by this court, after consideration of the motion to set aside default judgment, and consideration of the wealth of case law in the Fifth Circuit relating to this circuit's general disfavor of default judgments and its strong preference for trials on the merits. *See*

*In re Marinez*, 589 F.3d 772, 777-78 (5th Cir. 2009); *In re OCA, Inc.*, 551 F.3d 359, 366-67 (5th Cir. 2008); *United States v. One Parcel of Real Property*, 763 F.2d 181,183 (5th Cir. 1985) ("because modern federal procedure favors trials on the merits, an abuse of discretion need not be glaring to justify reversal"). The court gleaned from the docket itself that plaintiff's motion for default judgment was not served on the defendants, even though the judgment being sought was for unliquidated damages, necessitating the presentation of evidence to establish those damages. The court also gleaned from the docket that no evidence was presented to support the damage award in the default judgment. The default judgment was, on these two grounds alone, an abuse of discretion that, under the Fifth Circuit's jurisprudence, could not stand. The default judgment had to be set aside.

      The plaintiff could of course seeking appellate review of this court's decision to set aside the default judgment, subject to obtaining leave, as the ruling is interlocutory. If the plaintiff believes the court's error to be as egregious as this pleading suggests he does, then he could also have sought a writ of mandamus from the district court. Instead, the plaintiff's chosen remedy is to try to get rid of the judge on the case, by way of recusal. The use of a motion to recuse as a trial tactic, or as a substitute for obtaining appellate review of adverse decisions, is not appropriate. That, however, appears to be the plaintiff's strategy here.

      The plaintiff is still free to respond to the defendant's motion to dismiss. If the plaintiff survives the motion to dismiss, then the plaintiff may proceed with his lawsuit. The plaintiff did not have, and does not have, a constitutional right to a default judgment. The court's rulings have, from the beginning of its contacts with the plaintiff, been based on this court's evaluation of the law as it applies to the plaintiff's circumstances. The fact that the plaintiff disagrees with how this court

views the facts and the law is not a basis for recusal, nor would any objective person so conclude.

The motion to recuse is, for the reasons stated, denied.

# # #